**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

In re: ORGANIZED CONFUSION, LLP,
    Debtor.

_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                   Lead Case No: 8:14-cv-3226-T-24

SYNOVUS BANK,

    Defendant.

_____

In re: PROFESSIONAL STAFFING—
A.B.T.S., INC.,
    Debtor.

_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                   Member Case No: 8:14-cv-3227-T-24

SYNOVUS BANK,

    Defendant.

_____

In re: WESTWARD HO, LLC,
    Debtor.

_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                   Member Case No: 8:14-cv-3228-T-24

SYNOVUS BANK,

     Defendant.

_____

In re: WESTWARD HO II, LLC,
     Debtor.

_____

CHRISTINE L. HERENDEEN,

     Plaintiff,

v.                                                                                                Member Case No: 8:14-cv-3229-T-24

SYNOVUS BANK,

     Defendant.

_____

In re: YJNK II, INC.
     Debtor.

_____

CHRISTINE L. HERENDEEN,

     Plaintiff,

v.                                                                                                Member Case No: 8:14-cv-3230-T-24

SYNOVUS BANK,

     Defendant.

_____

In re: YJNK III, INC.,
     Debtor.

_____

CHRISTINE L. HERENDEEN,

     Plaintiff,

v.                                                                                                Member Case No: 8:14-cv-3231-T-24

MICHAEL D. TRAINA,

      Defendant.
_____

In re: ABLE BODY GULF COAST, INC.,
      Debtor.
_____

CHRISTINE L. HERENDEEN,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Member Case No: 8:14-cv-3232-T-24

SYNOVUS BANK,

      Defendant.
_____

## **ORDER**

    This cause comes before the Court on Defendant Synovus Bank's Motion to Consolidate (Dkt. 7) and Trustee Herendeen's Limited Objection thereto (Dkt. 8).

    This case is one of several adversary proceedings commenced by Christine L. Herendeen, the Chapter 7 Trustee of various entities, against Synovus Bank that are currently pending before Judge Caryl E. Delano in the United States Bankruptcy Court for the Middle District of Florida.[1] Seven of the Related Adversary Proceedings include motions to withdraw the reference that are currently pending before this Court, including the instant case.[2]

---

[1] The related adversary proceedings include *Organized Confusion, LLP v. Synovus Bank*, Case No. 8:14-ap-00972-CED; *Able Body Gulf Coast, Inc. v. Synovus Bank*, Case No. 8:14-ap-00978-CED; *Professional Staffing-A.B.T.S., Inc. v. Synovus Bank*, Case No. 8:14-ap-00973-CED; *Westward Ho, LLC v. Synovus Bank*, Case No. 8:14-ap-00974-CED; *Westward Ho II, LLC v. Synovus Bank*, Case No. 8:14-ap-00975-CED; *YJNK II, Inc. v. Synovus Bank*, Case No. 8:14-ap-00976-CED; *YJNK III, Inc. v. Synovus Bank*, Case No. 8:14-ap-00977-CED; *Welch v. Synovus Bank et al.*, Case No. 8:14-ap-00645-CED; and *Welch v. Regions Bank*, Case No. 8:14-ap-00653-CED (collectively the "Related Adversary Proceedings").

[2] *See Organized Confusion, LLP v. Synovus Bank*, Case No. 8:14-cv-03226-SCB (Dkt.1); *Professional Staffing-A.B.T.S., Inc. v. Synovus Bank*, Case No. 8:14-cv-03227-SCB (Dkt.1); *In re Westward Ho, LLC,* Case No. 8:14-cv-3228-SCB (Dkt.1); *In re Westward Ho, II*, Case No. 8:14-cv-03229-SCB (Dkt.1); *In re YJNK II, Inc.*, 8:14-cv-03230-SCB (Dkt.1); *In re YJNK III, Inc.*, Case No. 8:14-cv-03231-SCB (Dkt.1); and *In re Able Body Gulf Coast, Inc.*, Case no. 8:14-cv-03232-SCB (Dkt.1).

On October 31, 2014, Plaintiff filed seven substantially similar complaints against Synovus in the bankruptcy court. All of the complaints arise from allegedly fraudulent transfers made by bankrupt debtor, Frank Mongelluzzi ("Mongelluzzi"), and several now-bankrupt entities he owned with his wife, Angela Mongelluzzi. The complaints seek to avoid allegedly fraudulent transfers made by the bankrupt entities to or for the benefit of Synovus under 11 U.S.C. § 544 (b) of the United States Bankruptcy Code, and the Florida Uniform Fraudulent Transfer Act ("FUFTA"). Florida Statute §§ 726.106(1); 726.108. The complaints also assert claims for unjust enrichment and aiding and abetting breach of fiduciary duty. Plaintiff alleges Mongelluzzi and the bankrupt entities engaged in an elaborate check kiting scheme that hindered, delayed, and defrauded the entities' creditors in the period of 2007 through 2010. The complaints assert that Synovus benefitted from the alleged scheme by assessing considerable overdraft fees, charges, and interest, and by receiving substantial purchase price consideration when several of the entities were eventually sold in 2010.[3]

Plaintiff filed motions to withdraw the reference in each of the seven cases on December 30 and 31, 2014. Defendants now move to consolidate the cases for the purpose of considering the pending motions to withdraw the reference. Plaintiff does not object to the consolidation for the limited purpose of considering the motions to withdraw the reference.

A court may consolidate actions before it if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air*

---

[3] Five of the seven bankrupt entities in the Related Adversary Proceedings were included in a 2010 asset purchase agreement which required the purchaser to satisfy approximately $39 million of the entities' outstanding senior liabilities to Synovus. These entities included: Professional Staffing—A.B.T.S., Inc., Able Body Gulf Coast, Inc., Westward Ho, LLC, Westward Ho II, LLC, and YJNK III, Inc.

*Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Furthermore, the Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a). . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks omitted).

The Court has reviewed the pleadings in all of the cases and has concluded that there is significant factual and legal overlap. Consolidation will help eliminate unnecessary repetition, and lessen the burden on available judicial resources. Accordingly, the cases shall be consolidated for the purpose of of considering the pending motions to withdraw the reference.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Synovus Bank's Motion to Consolidate (Dkt. 7) is **GRANTED**.

2. Case numbers 8:14-cv-03227-SCB; 8:14-cv-03228-SCB; 8:14-cv-03229-SCB; 8:14-cv-03230-SCB; 8:14-cv-03231-SCB; and 8:14-cv-03232-SCB are hereby consolidated with Case number 8:14-cv-03226-SCB for the purpose of considering the pending motions to withdraw the reference therein.

3. Case number 8:14-cv-03226-SCB will be the lead case number, and all further pleadings are to be filed therein.

4. Defendant's Motion for Leave to File a Reply to Trustee Herendeen's Limited Objection to Synovus' Motion to Consolidate Cases (Dkt. 9) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of February, 2015

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties